**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**M.C.G., a minor, by and through his**
**legal guardians and next of friends,**
**MICHAEL M. GONZALEZ and**
**TERRI LYNN GONZALEZ,**

     **Plaintiffs,**

**vs.**                              **CASE NO. 8:06-CV-124-T-17-MAP**

**SCHOOL BOARD OF HILLSBOROUGH**
**COUNTY, FLORIDA,**

     **Defendant.**

_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

The Defendant, School Board of Hillsborough County, Florida ("Board"), moves to dismiss the Amended Complaint of Plaintiffs, M.C.G., a minor through his legal guardians and next of friends Michael M. Gonzalez and Terri Lynn Gonzalez (collectively "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, 12(b)(5) (Docket No. 5). For the reasons below, this Court grants the Board's 12(b)(6) Motion to Dismiss nine (9) of the Amended Complaint's ten (10) Counts for failure to state a claim, but denies its 12(b)(5) Motion to Dismiss for insufficient process.

CASE NO. 8:06-CV-124-T-17-MAP

## PROCEDURAL HISTORY

Pursuant to the Individuals with Disabilities Educational Act ("IDEA"), the Plaintiffs filed suit against the Board in the Civil Division of Florida's Thirteenth Judicial Circuit on August 22, 2005, challenging an Administrative Law Judge's (ALJ) July 21, 2005, ruling.  On December 19, 2005, they filed an Amended Complaint, where they added nine (9) additional claims (Docket No. 2). The Plaintiffs served the Board with the Amended Complaint on January 3, 2006.

The Board then filed Notice of Removal on January 23, 2006 (Docket No. 1), and this Court issued an Order of Procedure on January 27, 2006 (Docket No. 3).  On January 30, 2006, the Board moved to dismiss the Plaintiffs' Amended Complaint for insufficient process under Fed. R. Civ. P. 12(b)(5) or, alternatively, for failure to state a claim under 12(b)(6).  The Plaintiffs subsequently filed a Memorandum of Law opposing the Board's motion ("Memorandum") on March 10, 2006 (Docket No. 11).

## BACKGROUND

The Board is part of Florida's "K-20" elementary and secondary education system.  Chapter 1001, Fla. Stat. (2005).  As such, it operates, controls, and supervises the Hillsborough School District's activities and programs.  § 1001.40, Fla. Stat. (2005).

By participating in the IDEA, the Board receives financial assistance from the United States government.  To qualify for federal funding, IDEA obligates the Board to provide the county's eligible children with disabilities with a free, appropriate public education ("FAPE") according to properly developed individualized education programs ("IEP").  A team, including the student's parent(s), teacher(s), evaluators, and a school district representative authorized to commit educational resources, develops and modifies the student's IEP.

2

**CASE NO. 8:06-CV-124-T-17-MAP**

The IDEA also establishes certain procedural safeguards, including the parents' rights to inspect records relating to their child; to submit written complaints about their child's FAPE; the right to receiving meaningful, timely, and impartial due process hearings to address those complaints; to receive a decision within 45 days of delivering a written complaint; and to receive prior written notice and explanation whenever the school declines or modifies a parental request concerning their child's FAPE.  20 U.S.C. §1415 (2006).  Before seeking judicial relief on any matter for which IDEA due process provides a remedy, IDEA requires the student's parent(s) to exhaust administrative remedies.  Under Florida law, ALJs, whom the Florida Department of Management Services, Division of Administrative Hearings ("DOAH") employs, adjudicate special education hearings.

M.C.G. is a minor, born on March 17, 1993.  At age two (2), he was diagnosed with autism, which has required him to have a one-to-one aide at school.  From August 1998 to approximately September 15, 2000, M.C.G. was enrolled in a Hillsborough County public school.  Because the Board did not hire an aide for M.C.G. until January 1999, M.C.G.'s parents, usually his mother plaintiff Terri Gonzalez, served in that role. When the permanent aide announced in September 1999, that she was quitting, the Board did not replace her until January 2000.  In that interim, Mrs. Gonzalez once again served as M.C.G.'s aide.

After reaching impasse on providing a qualified replacement aide for M.C.G. and related services, M.C.G.'s school principal offered M.C.G.'s parents instructions on how to establish a home-based education program.  The Board offered to continue, however, to provide weekly three (3) 30-minute speech/language therapy sessions and two (2) 30-minute OT sessions at various schools the Board designated.  Dissatisfied with the procedure and DOAH rulings, the Plaintiffs now seek judicial relief for, among other things, compensation and declaratory judgment for the Board's alleged failure to meet its obligations under state and federal laws.

**CASE NO. 8:06-CV-124-T-17-MAP**

## STANDARD OF REVIEW

A federal district court should dismiss a complaint without prejudice where a plaintiff fails to serve the defendant within 120 days after filing it.  Fed. R. Civ. P. 4(m).  Such insufficient process provides the defendant with a defense that can be raised as a pre-answer motion under Fed. R. Civ. P. 12(b)(5).

A court should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only when it is convinced "'that no relief could be granted under any set of facts that could be proved consistent with the [complaint's] allegations.'"  Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1326 (11th Cir. 2004) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Such involuntary dismissals operate as adjudications on the merits unless the court otherwise notes.  Fed. R. Civ. P. 41(b).  *See also* Foman v. Davis, 371 U.S. 178, 182 (1967) (recognizing that Fed. R. Civ. P. 15, which grants a party's request for leave to amend where justice so requires, has been liberally construed and that courts should freely permit amendments absent undue prejudice to the opposing party, undue delay on the requesting party's part, or bad faith).  The Federal Rules of Civil Procedure "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  Conley v. Gibson, 355 U.S. 41, 48 (1957).

## DISCUSSION

*1. Defendant's 12(b)(5) Motion*

This Court denies the Board's Motion to Dismiss for failure to effect timely service under Fed. R. Civ. P. 12(b)(5).  Because the Plaintiffs filed their Amended Complaint in the Thirteenth Judicial Circuit before the Board removed it, this Court considers relevant the Florida Rules of Civil Procedure with respect to the Plaintiffs' service deadline.  Under the Florida rules, "every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party."  Fla. R. Civ. P. 1.080(a).  A plaintiff may amend its complaint once before the defendant serves its responsive pleading.  Fla. R.

**CASE NO. 8:06-CV-124-T-17-MAP**

Civ. P. 1.190.  Accordingly, the 120-day period to serve the opposing party begins when the when leave to amend is granted.  Fla. R. Civ. P. 1.070(j).

Here, the Plaintiffs filed their Initial Complaint on August 22, 2006, and their Amended Complaint on December 19, 2005, both in the Thirteenth Judicial Circuit.  On January 23, 2006, the Board filed Notice of Removal (Docket No. 1), and this Court signed an Order of Procedure on January 27, 2006 (Docket No. 3).  Neither party has filed with this Court any document indicating when the Thirteenth Circuit Judge granted the Plaintiffs leave to amend.  For the purpose of ruling on the Board's 12(b)(5) motion, this Court considers December 19, 2005, as the implicit date of the leave to amend.  *See* Fla. R. Civ. P. 1.070(j).  Since the Plaintiffs served their Amended Complaint on January 3, 2006, they met Rule 1.070(j)'s 120-day requirement.  Accordingly, this Court denies the Board's Fed. R. Civ. P. 12(b)(5) Motion to Dismiss for insufficient process.

*II.  Defendant's 12(b)(6) Motion*

**A.  Counts I, III, IV and VI**

This Court grants the Board's Motion to Dismiss Counts I, III, IV, and VI for failure to state a claim.  Under Fed. R. Civ. P. 8(a), a plaintiff must show its entitlement to relief through a short, plain statement.  The statement must sufficiently put the defendant on notice of the plaintiff's claim to ensure that it can answer adequately.  Sams v. United Food & Commercial Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

The Plaintiffs' Amended Complaint does not allege any state and/or federal statute(s), rule(s), and/or regulation(s) that the Board violated with respect to the Plaintiffs' access to M.C.G.'s education records (Count I) and their claims of disparate impact (Count III), discriminatory treatment (Count IV), and retaliation (Count VI).  The Board needs to know the nature of the claims against it to answer adequately.  Id. Count I asserts that the Board failed to meet its general obligation to provide the Plaintiffs with a forum to challenge the accuracy of M.C.G.'s education records.  But, it is unclear under which state or federal law(s) the Plaintiffs are proceeding.  Count III

CASE NO. 8:06-CV-124-T-17-MAP

alleges that the Board disparately impacted M.C.G. and other disabled children through its "methods of administering its programs."  (¶ 85).  Count IV alleges that the Board "intentionally discriminated against M.C.G. based solely on his disability," "denied [him] federally guaranteed education rights," and thus "violated both state and federal law and regulation prohibiting discrimination against [him] in connection with its educational programs."  (¶¶87-89.)  These Counts do not specifically identify which state and/or federal law(s) and/or regulation(s) the Plaintiffs rely on to sustain their claims of disparate impact and discriminatory treatment.  Moreover, Count VI does not indicate whether the Plaintiffs claim retaliation pursuant to § 504, the Americans with Disabilities Act, or some other law.  Although the Plaintiffs have identified Florida and Federal Statutes in their Memorandum of Law in Opposition to Defendant's Motion to Dismiss, their failure to do so in the Amended Complaint renders it insufficient under Fed. R. Civ. P. 8(a).  Consequently, this Court grants the Board's 12(b)(6) Motion to Dismiss Counts I, III, IV, and VI, without prejudice.

**B.  Count II**

This Court grants the Board's Motion to Dismiss the Plaintiffs' unjust enrichment claim (Count II).  Under Florida law, equity claims on a contract, obligation, or liability not founded on written instruments are subject to a four-year statute of limitations. § 95.11(3)(k) Fla. Stat. (2005).  The Plaintiffs base their unjust-enrichment claim on the educational services Mrs. Gonzalez provided to the Board, serving as M.C.G.'s one-on-one aide from August 1998 to approximately September 15, 2000.  While the IDEA obligates M.C.G.'s school to provide him with a FAPE according to an IEP, this Court need not inquire into whether Mrs. Gonzalez's services constitute unjust enrichment on the Board.  Under § 95.11(3)(k) Fla. Stat. (2005), the Plaintiffs had to file their unjust enrichment claim by approximately September 15, 2004.  But, they did not file an initial complaint until August 22, 2005.  Therefore, this Court dismisses Count II, with prejudice.

CASE NO. 8:06-CV-124-T-17-MAP

### C.      Counts VII and IX

This Court grants the Defendant's Motion to Dismiss Counts VII and IX as a matter of law.  Florida constitutional provisions that create private causes of action are self-executing.  Gray v. Bryant, 125 So. 2d 846, 850 (Fla. 1960) (finding that a self-executing constitutional provision "lays down a sufficient rule [through] which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected with the aid of legislative enactment").

While Article IX § 1 of the Florida Constitution guarantees free, high-quality public education for children, it also calls upon the legislature to make adequate provisions to achieve that end.  *See* Simon v. Celebration Co., 883 So. 2d 826, 831 (Fla. 5th DCA 2004) (finding that Article IX § 1 is not a self-executing constitutional provision creating a private cause of action because its language "leaves too many issues unresolved").

Since private claims pursuant to this Florida constitutional provision alone, without regard to adequate legislative provisions, are unrecognized, this Court grants the Defendant's Motion to Dismiss Count VII.  In their Memorandum, the Plaintiffs have indicated intent voluntarily to dismiss the Count.  But, this Court dismisses it for them, and it may not be re-alleged.

The Plaintiffs also claim that the Board violated their Florida constitutional right of access to the courts, to due process of law, and to obtain justice in a timely manner.  Fl. Const. Art. I § 21.  To make a colorable claim under that provision, a plaintiff must show that the legislature abolished a common-law right that Floridians enjoyed before it enacted the Florida Constitution's Declaration of Rights.  Yachting Promotions, Inc. v. Broward Yachts, Inc., 792 So. 2d 660, 663 (Fla. 4th DCA 2001).

The Plaintiffs further claim that the Board's system for special education due process hearings is "an administrative maze" that violates their Florida constitutional rights.  (¶ 116).  However, to sustain their Florida constitutional claim, the Plaintiffs must also identify a common-law or statutory right of which the Board deprived them for the Court to determine whether the Florida legislature has abolished that right.  Yachting

7

**CASE NO. 8:06-CV-124-T-17-MAP**

Promotions, 792 So. 2d. at 663.  Since the Plaintiffs only appeal to a Florida constitutional provision that does not create an independent, private cause of action, this Court grants the Board's 12(b)(6) Motion to Dismiss Counts VII and IX, with prejudice.

D.     **Counts V and VIII**

This Court grants the Board's Motion to Dismiss Counts V and VIII, without prejudice.  Civil rights claims require more than conclusory notice.  Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (finding that "a complaint will be dismissed as insufficient where the allegations it contains are vague and conculsory").  Under 42 U.S.C. § 1983, *a person acting under color of state law* who deprives a party of his rights, privileges, or immunities under the Constitution or federal law is liable to that injured party in a legal or equitable suit.  Tillman v. Coley, 886 F.2d 317, 319, n.2 (11th Cir. 1989) (emphasis added).

In their Amended Complaint, the Plaintiffs identify eighteen (18) acts and omissions by the Board, which they claim violate the IDEA.  (¶ 93).  From those acts and omissions, they conclude that the Board, not any of its official(s) acting under color of law, has denied them of their Fourteenth Amendment due process rights.  (¶ 111).  Because the Amended Complaint fails to meet § 1983 requirements, this Court grants the Board's 12(b)(6) Motion to Dismiss Counts V and VIII, without prejudice.

E.     **Count X**

Since the Defendant did not address Count X in its Motion to Dismiss, the Court will not discuss it here.

8

CASE NO. 8:06-CV-124-T-17-MAP

**ORDERED** that the Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 5) be **GRANTED** as to Counts II, VII, and IX with prejudice; and as to Counts I, III, IV, V, VI, and VIII without prejudice.  The Plaintiffs shall have ten (10) days from this order's date to amend their complaint and to file it in this Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of June, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record

9